United States District Court
Southern District of Texas

**ENTERED**

May 19, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUMBERTO GIL GIL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03056 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Humberto Gil Gil's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Motion to Dismiss (Doc. #5), and Petitioner's Response in Opposition (Doc. #6). Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion to Dismiss and grants the Petition for Writ of Habeas Corpus.

Petitioner Humberto Gil Gil ("Petitioner"), a citizen of Mexico, entered the United States without inspection on an unknown date at an unknown place.[1] Doc. #5 at 11. Several years later, on April 7, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") officials and charged with being an alien present in the United States who has not been admitted or paroled. *Id.* Following his arrest, Petitioner was placed into custody at the Montgomery Processing Center in Conroe, Texas. Doc. #1 at 2. At this time, he remains in custody and has not been afforded a bond hearing. Doc. #1 at 3. The parties do not dispute that Petitioner has no criminal history, poses no flight risk, and is not a danger to the community. Doc. #1 at 5; *see* Doc.

---

[1] Petitioner claims he has resided in the United States since 2012. Doc. #1 at 3. Respondents do not expressly dispute this contention in their Motion to Dismiss. Doc. #5 at 2.

#5.

Petitioner argues his continued detention violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 2, 5, 12; Doc. #6 at 7. Respondents contend that Petitioner's detention "does not constitute a due process violation." Doc. #5 at 4. Courts in the Southern District of Texas, however, have held that the continued detention of a noncitizen who has no criminal history and has not been shown to be a flight risk or danger to the community violates procedural due process. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's detention, without an individualized assessment or opportunity to be heard, violates his right to procedural due process. After reviewing the authorities and the record, the Court determines release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion to Dismiss is DENIED. Doc. #5. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.

3. Respondents are further ORDERED to return to Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or

2

during detention.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

**MAY 1 8 2026**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge